■ EBONY OIL CORPORATION, Respondent, v ROBERT BROOKS, Appellant. — In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated May 17, 1982, which denied his application pursuant to CPLR 5015 (subd [a], par 3) to vacate and set aside an order of the same court dated March 23, 1979, which directed, *inter alia,* that upon proof of filing of a note of issue, statement of readiness and compliance with the court rules, the case would be placed on the calendar for inquest, and upon such inquest that plaintiff recover judgment from defendant. Appeal dismissed, without costs or disbursements. Following an inquest on March 26, 1981, a default judgment against defendant was granted. Thereafter, in June, 1981, defendant, who has at all times appeared *pro se,* moved to vacate the judgment, apparently on the ground that he had not received notice of the inquest. This motion was denied by order dated August 23, 1981 (Leviss, J.), on the ground that there was no reasonable explanation or excuse for the default. No appeal was taken from this order, but on or about August 28, 1981, defendant again moved for the same relief; this motion was treated as one for reargument and was also denied, by order dated September 16, 1981. Yet again, defendant moved to open his default under CPLR 5015 (subd [a], par 3) on the ground of fraud. He acknowledged in his affidavit that he had neglected to show an excusable default. This motion, too, was treated as an attempt to reargue and was denied by order dated October 21, 1981. An appeal filed from this order was dismissed by order of this court dated February 5, 1982, because no appeal lies from a denial of a motion for reargument. Thereafter defendant brought the instant motion to vacate and set aside the March 23, 1979 order of Justice Leviss which allowed the case to be placed on the inquest calendar. The appeal from the order denying this motion must be dismissed as, in essence, it is no more than another motion for reargument. Although posed in a slightly different manner, defendant here seeks the same relief, upon the same arguments, as in the prior motions. No appeal can be taken from the denial of a motion for reargument. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.